JAMES E. GRAVES, JR., Circuit Judge,
specially concurring:
Although I join in the remainder of the majority opinion, I would hold that the district court clearly erred in finding that Lake was an “organizer, leader, manager, or supervisor” of his wife with respect to some criminal activity and consequently applying a two-level enhancement under § 3Bl.l(c).
The probation officer declined to include the § 3Bl.l(c) enhancement in the presen-tence report. The government objected, arguing that Lake had acted as an “organizer, leader, manager, or supervisor” of his wife. The government contended that Kathy Lake set up Air I.Q., the shell entity into which Lake deposited $348,000 that he failed to declare in bankruptcy, “upon the instructions of [Lake].” The government also argued that “[t]he evidence makes clear that [Lake] was the ‘driving force’ behind every financial transaction presented as evidence in the government’s case.” More specifically, the government argued: “Even though many of the accounts used to conceal bankruptcy proceeds and income not reported on [Lake’s] tax returns were not in [his] name, he continued to maintain control over the accounts by directing where funds were deposited and transferred. Further, [Lake] was the person who primarily dealt with the family’s tax return preparer, the same preparer from whom the defendant withheld large amounts of reportable income.”
The probation officer rejected the government’s objection, maintaining that there was insufficient evidence to show that Kathy Lake was a criminally responsible participant. The probation officer also concluded that none of the investigative materials reflected whether Kathy Lake was controlled or directed by Lake, as opposed to a joint and equal participant in his criminal activity. The government filed a second objection to the probation officer’s recommendation, discussing at greater length Kathy Lake’s involvement in the couple’s tax evasion. The government also alleged that Lake typically forged his wife’s signature on tax returns and when writing checks on her accounts, suggesting that this showed that Lake “exercised control over K[athy] Lake, through financial transactions.” The probation officer again rejected the government’s arguments. However, at the sentencing hearing, the district court applied the enhancement “for the reasons stated in the government’s objection,” without any further explanation.
*311 I agree with the majority that the evidence is easily sufficient to show that Kathy Lake was a criminally responsible participant. The evidence establishes that she was extensively involved in the management of the couple’s finances. I can find no evidence, however, reasonably showing that Kathy Lake was managed or controlled by her husband with respect to her criminal activities. Because Kathy Lake died before trial, she was never convicted of any offense, and she obviously did not testify at Lake’s trial. Lake also did not testify at his trial. The only evidence at trial directly relating to Lake’s control of his wife is the following answer by IRS Special Agent Alan Hampton, who investigated the transactions forming the case against Lake:
Q: Now, did you also learn in the investigation that — I guess, who is the main financial person in the family, the Lake family of Larry and Kathy Lake?
A: Yeah, it’s clearly Larry Lake is in charge of the financial affairs in the family.
Because Hampton failed to elaborate or explain the basis for this opinion, it hardly constitutes probative evidence. No evidence substantiates the government’s claim that Kathy Lake set up the Air I.Q. entity at Lake’s direction, or that Lake was the “driving force” behind any transactions. In fact, the evidence does not establish that Kathy Lake performed any action at Lake’s direction.
Given Kathy Lake’s extensive involvement and the fact that she appears to have shared in the fruits of the illegal activities, the more plausible inference is that she was involved more as an equal than a subordinate. The fact that large amounts of Lake’s business proceeds were placed into accounts held solely in Kathy Lake’s name could even suggest that she was the one in control, at least in the absence of some evidence showing that Lake was able to somehow direct or limit her access to the money. Ultimately, however, something beyond pure speculation is required. I can find no basis in the evidence to conclude that it was Lake, rather than his wife or the two of them jointly, who conceived and supervised their criminal schemes. Without more, I would not affirm the enhancement.